## MONROE HARRISON *v.* THE STATE.

CIRCUMSTANTIAL EVIDENCE — CHARGE OF THE COURT. — In a prosecution for murder, wherein circumstantial evidence alone was relied upon for a conviction, the defendant asked the court to charge especially, first, that "when the State relies on circumstantial evidence to convict, the testimony must exclude, to a moral certainty, every other hypothesis but the one of guilt as charged in the indictment, or you must acquit the defendant;" and, second, "when the State relies on circumstantial evidence to convict the defendant, each fact in a chain of facts from which the main fact in issue is to be inferred must be proved by competent evidence, and by the same weight and force of evidence as if each one were the main fact in issue; and all the facts proved must be consistent with each other and the main fact to be proved." *Held*, that the court below erred in refusing to give the charges as asked.

APPEAL from the District Court of Colorado. Tried below before the Hon. E. LEWIS.

The indictment was for the murder of Henry Griffith, in Lavaca County. A change of venue was had to Colorado County, where, upon trial, the appellant was convicted of murder in the second degree, and his punishment assessed at fourteen years in the penitentiary. The evidence was entirely circumstantial. A report of a former trial, to be found in 3 Texas Ct. App. 558, states the evdence.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.　The appellant was indicted in the District Court of Lavaca County, for murder.　On the application of the appellant, a change of venue was granted to Colorado County.　The case was tried at the September term, 1878, of the District Court of Colorado County, and the appellant was convicted of murder in the second degree ; and the cause is before this court for the second time on appeal.

The indictment charged the appellant with the murder of Henry Griffith, on the 17th of October, 1876.　It appears from the statement of facts that the deceased came to his death about nightfall of that day, on a public road leading from Halletsville, the county-seat of Lavaca County.　Two bullets entered the left side of his head ; and either of them, according to the medical testimony, was sufficient to cause instant death.　No eye-witness of the killing was produced. The first intelligence of it was communicated by the appellant himself, immediately after its occurrence, to witnesses who lived in the vicinity.

The counsel for the prosecution relied on circumstantial evidence alone to convict the defendant.

The defendant, among others, asked the following special charges, to wit : —

" When the State relies on circumstantial evidence to convict, the testimony must exclude, to a moral certainty, every other hypothesis but the one of guilt as charged in the indictment, or you must acquit the defendant.

" When the State relies on circumstantial evidence to convict the defendant, each fact in a chain of facts from which the main fact in issue is to be inferred must be proved by competent evidence, and by the same weight and force of evidence as if each one were the main fact in issue ; and all the facts proved must be consistent with each other and the main fact to be proved."

The court refused to give the instructions asked. In this, we think, the court erred; for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*